**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**Alim Bey,**

        **Plaintiff,**        **Civil Action No. 10-14641**

        vs.        **District Judge Nancy G. Edmunds**

**Judge Hon. Virgil C. Smith Jr.,**    **Magistrate Judge Mona K. Majzoub**
**Raymond J. Wojtowicz–Wayne**
**County Treasurer, Wayne County**
**Sheriff,**

        **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendants Raymond J. Wojtowicz-Wayne County Treasurer and Wayne County Sheriff's motion to dismiss or, alternatively, motion to strike Plaintiff Alim Bey's complaint. (Dkt. 8.) Plaintiff has not filed a response. The Court has been referred this matter pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 4.) The Court has reviewed the pleadings, dispenses with a hearing, and is now ready to issue this report and recommendation.[1]

**I.    Recommendation**

Defendants argue that the Court must dismiss Plaintiff's complaint because the Court lacks subject matter jurisdiction over Plaintiff's claims or because the complaint fails to state a claim. The Court rejects Defendants' first argument, finding that it does have subject matter jurisdiction over Plaintiff's claims. But because Plaintiff's complaint fails to allege facts necessary to survive a

---

[1] The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

1

motion to dismiss, and does not give Plaintiff a private cause of action, the Court recommends that Defendants' motion to dismiss be granted and that Plaintiff's complaint be dismissed against all the named defendants.[2]

## II. Report

### A. Facts

On November 11, 2010, Plaintiff filed a complaint against Defendant Virgil C. Smith, Jr., Raymond J. Wojtowicz, the Wayne County Treasurer, and the Wayne County Sheriff.[3] (Dkt. 1., Compl.) In his complaint, Plaintiff alleges several counts: fraud, violation of the Fair Debt Collection Practices Act (FDCPA), violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), violations of four additional criminal statutes, and a violation of 42 U.S.C. § 1983.

Plaintiff alleges that, around March 18, 2010, "Defendant" and "its undisclosed associate," foreclosed on a piece of property through an advertised, "public auction, held privately."[4] (Compl. at 1.) Plaintiff states that the Wayne County Sheriff's Department conducted the auction. (*Id*.)

Before the sale, Plaintiff states that Defendants notified Plaintiff that the sale was going to take place and requested $9,384.54 "as the relief sought for their alleged losses." (*Id*.)

---

[2] Defendant Virgil C. Smith, Jr., has not joined in this motion. The Court issued a show cause order for Plaintiff to show cause why the Court should not dismiss Defendant Smith from this case. (Dkt. 6.) Plaintiff responded that he would serve Defendant Smith. (Dkt. 9.) To date, the Court has no indication that Plaintiff has served Defendant Smith. Defendant Smith has not appeared in this action. But because Plaintiff's complaint lacks any allegations to support a claim against any of the defendants, the Court recommends that Plaintiff's complaint be dismissed in its entirety.

[3] Plaintiff's complaint is not clear. The Court is unable to determine what roles each defendant played in the foreclosure process. The Court has attempted to organize and present a somewhat connected stream of events from Plaintiff's statements and supporting documents.

[4] Plaintiff does indicate to whom or which defendant he refers in this statement.

2

Also before the sale, Plaintiff states that he asked Defendants for documents: relating to the foreclosure; evidencing Defendants' interest; and relating to Plaintiff's liability. (*Id.*)

Plaintiff alleges that Defendants did not respond to his request for information. (*Id*. at 2.)

Plaintiff has attached several relevant documents to his complaint. The first is a notice of a pending tax foreclosure for 15690 W. Grand River, Detroit, Michigan, property allegedly belonging to Plaintiff. (Compl.) The next document is a tax bill from the City of Detroit to Plaintiff. (Compl.) The bill requests that payment be made payable to Defendant Wojtowicz, Wayne County Treasurer. (*Id.*) Another document indicates that the 15690 W. Grand River property was sold on October 27, 2010. (*Id.*) And finally, there are documents that show that Plaintiff filed a previous lawsuit regarding the foreclosure on 15690 W. Grand River, and that Defendant Virgil Smith, Jr., was the presiding judge over that case in Michigan state court. (*Id.*)

### B.     Standards

#### 1.     Rule 12(b)(1) subject mater jurisdiction standard

Because Defendants have challenged jurisdiction pursuant to Rule 12(b)(1), Plaintiff bears the burden of proving jurisdiction to survive the motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). "[A] plaintiff's burden to prove federal question subject matter jurisdiction is not onerous." *Metro Hydroelec. Co., LLC v. Metro Parks*, 541 F.3d 605, 610 (2008) (quoting *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994)).  Plaintiff must "show that the complaint alleges a claim under federal law and that the claim is substantial." *Michigan Souther R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (internal quotation marks and citations omitted). "A federal claim is substantial unless prior decisions inescapably render [it] frivolous." *Metro Hydroelec.*, 541 F.3d at 610

3

(quotation marks and citation omitted, insertion in original.)  Plaintiff can survive the motion to dismiss by showing "any arguable basis in law for the claims set forth in the complaint." *Id*. (internal quotation marks and citations omitted).  If the Court decides that it lacks subject matter jurisdiction, it must dismiss the case.  Fed.R.Civ.P. 12(h)(3).

Rule 12(b)(1) motions fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

> A facial attack is a challenge to the sufficiency of the pleading itself.  On such a motion, the court must take the material allegations of the [complaint] as true and construed in the light most favorable to the nonmoving party.
>
> A factual attack . . . is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction.  On such a motion, no presumptive truthfulness applies to the factual allegations and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

*Id*. (emphases and citations removed).

### 2.    Rule 12(b)(6) motion to dismiss standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief.  See *Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp*., 96 F.3d 200, 203 (6th Cir. 1996).  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted).  *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).  "[T]hat a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

**C.     Analysis**

Defendants assert two bases for dismissal. They first argue that the Court lacks subject matter jurisdiction. The Court therefore must determine whether it has jurisdiction over Plaintiff's claims before it discusses Defendants' second argument–whether the complaint fails to state a claim. *See Moir v. Greater Cleveland Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (stating that a court

5

is "bound to consider [a] 12(b)(1) motion first, since [a] 12(b)(6) challenge becomes moot if [the] court lack subject matter jurisdiction.").

### 1.     The Court has subject matter jurisdiction over Plaintiff's claims

Defendants argue that the Court lacks subject matter jurisdiction because "Plaintiff's complaint regarding the tax foreclosure and auction of certain properties . . . is premised on a matter arising under state law and is wholly within the province of state courts." (Dkt. 8, Defs.' Mot. at 2.) Defendants argue that 28 U.S.C. § 1341 prohibits the Court from exercising jurisdiction over this case. That statute states that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.

Despite their argument, Defendants have not supported their position with any case law suggesting that the Court must abstain from this action. *See BellSouth Telecommunications, Inc. v. Farris*, 542 F.3d 499, 501-03 (6th Cir. 2008) (giving examples of situations to which 28 U.S.C. § 1341 would apply.) In *BellSouth*, the Sixth Circuit held that 28 U.S.C. § 1341 applies "only in cases . . . in which state taxpayers seek federal-court orders enabling them *to avoid paying state taxes*." 542 F.3d at 501 (quoting *Hibbs v. Winn*, 542 U.S. 88, 107 (2004) (emphasis in *BellSouth*)). Here, 28 U.S.C. § 1341 does not apply. Although Plaintiff's end-goal may be to avoid paying taxes, this lawsuit appears to be one focused solely on setting aside the foreclosure and reclaiming foreclosed-upon property. Defendants cannot use this act to shield themselves from this lawsuit.

In his complaint, Plaintiff alleges fraud, violation of the FDCPA, violation of RICO, violations of various criminal statutes, and violation of 42 U.S.C. § 1983. Although the Court finds several of the claims frivolous (the criminal violations as well as the 42 U.S.C. § 1983 claim), the

FDCPA and RICO claim could have arguable bases in law. Those claims give the Court federal jurisdiction over this case. And the Court may exercise supplemental jurisdiction over the fraud claim. 28 U.S.C. § 1367.

The Court therefore finds that it has subject matter jurisdiction as to Plaintiff's complaint and recommends denying Defendants' motion to dismiss for lack of subject matter jurisdiction.

      **2.      Plaintiff's complaint fails to state a claim**

            **a.      Plaintiff has failed to plead his fraud claim with the required particularity**

Plaintiff has asserted a fraud claim. He alleges that the advertised foreclosure sale was defective because Defendants were not a real party in interest. Because they were not a real party in interest, Plaintiff states that any assignment was defective and therefore void. Plaintiff also alleges:"[t]hat [] Defendant[s'] legal process of issuing a foreclosure advertisement notice, at [sic] its legal process for the transfer of title to the subject property was malicious and violent in intent and nature, against [] Plaintiff and his collateral and in no way complies with what was intended by the nature of the Michigan Foreclosure by Sale Act Process." (Compl. ¶ 3.)

The Court understands Plaintiff's statements to amount to the allegation that Defendants' committed fraud in foreclosing upon Plaintiff's property.

Despite this allegation, Plaintiff's fraud claim fails because is does not meet the particularity requirements Federal Rule of Civil Procedure 9(b) imposes on a fraud claim. To meet the particularity requirements of Rule 9(b), Plaintiff must "(1) specify the statements that [Plaintiff] contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (internal quotation marks and citation omitted). At a minimum, Plaintiff

"must allege the time, place and contents of the misrepresentations upon which [he] relied." *Id.* Plaintiff "also must allege facts from which it could be concluded that his reliance was reasonable." *Issa v. Provident Funding Group, Inc.*, No. 09-12595, 2010 WL 538298, *5 (E.D. Mich. Feb. 10, 2010) (citing *Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 553-54 (Mich. Ct. App. 1999)). "The threshold test is whether the complaint places the defendant on sufficient notice of the misrepresentation, allowing the defendant[] to answer, addressing in an informed way the [plaintiff's] claim of fraud." *Kashat v. Paramount Bancorp, Inc.*, No. 09-10863, 2010 WL 538295, at *4 (E.D. Mich. Feb. 10, 2010) (citation omitted; alterations in original) (dismissing the plaintiffs' complaint because it did "not contain allegations concerning the time and place of the alleged misrepresentations" and stating that "[the plaintiffs] cannot merely recite a statute, claim it has been violated, and expect to survive a motion to dismiss."). *See also Ass'n of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citation omitted) (holding that a plaintiff's pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")

    Plaintiff alleges fraudulent, or intentional, misrepresentation. Under Michigan law, the elements of a claim for fraudulent misrepresentation are: (1) That defendant made a material misrepresentation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976) (quoting *Chandler v. Heigho*, 175 N.W. 141, 143 (Mich. 1919)). "[T]he absence of any one of [these elements] is fatal to a recovery." *Id.*

Plaintiff's allegations fail to meet the particularity requirements. He has not alleged the time, place, speakers, or why the statements were fraudulent. The Court recommends that Plaintiff's fraud claim be dismissed.

### b. Plaintiff's FDCPA count fails to state a claim

Plaintiff's FDCPA claim fails because Plaintiff has failed to give any indication that Defendants are debt collectors and thus subject to the FDCPA.

Plaintiff alleges that "Defendants damaged the commercial reputation of [] Plaintiff, and attempted to coheres [sic] [] Plaintiff to part with personal assets in an amount of [$]9,384.54[,] which was intended to compel [] Plaintiff to volunteer his assets, in order to avoid the non-judicial action, intended as a dispossession or disablement of the collateral held by [] Plaintiff, due to the fact that [] Defendants failed to: i. Provide evidence of enforceable security interest to any collateral[;] ii. Provide evidence of valid obligation supported by any original contract." (Compl. ¶ 5.) Plaintiff also alleges that "the property or collateral held by [] Plaintiff is exempt from [] dispossession or disablement, and that Defendant does not possess any right to claim the Plaintiff's collateral, or any security interest therein." (*Id*. ¶ 6.)

Plaintiff's FDCPA count fails because he has not alleged or given any indication that Defendants are debt collectors. The FDCPA does not apply to entities that are not "debt collectors." *Drew v. Kemp-Brooks*, ___F.Supp.2d ___, 2011 WL 2936103, at *10, n 4 (E.D.Mich. 2011) (Cohn, J.). A "debt collector" is a person who collects a debt "owed or due or asserted to be owed or due another." *Id*. (citing 15 U.S.C. § 1692a(6)). *See Zehala v. Am. Express*, 10-848, 2011 WL 4484297, at * (S.D.Ohio Sept. 26, 2011) (dismissing the plaintiff's complaint because the complaint did not contain any allegations "to support a plausible inference that [the defendant was] a debt collector.").

9

Plaintiff has titled his FDCPA count as "unfair practices." Section 1692f prohibits a "debt collector" from using "unfair or unconscionable means to collect or attempt to collect a debt." 15 U.S.C. § 1692f. Plaintiff also appears to allege that Defendants violated § 1692g by not providing evidence of any alleged debt. 15 U.S.C. § 1692g does list specific requirements that must be in the notice of the debt. Plaintiff states that Defendants did not provide evidence of the alleged debt. But that section, again, applies to "debt collectors." 15 U.S.C. 1692g(a).

Defendants argue that 15 U.S.C. § 1692a(6)(c) exempts them from liability. That section removes from the "debt collector" definition "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties[.]" 15 U.S.C. § 1692a(6)(c). Defendants argue that they fall under this exemption and therefore that Plaintiff's FDCPA claim must fail. (Defs.' Mot. at 3.) Although Defendants may be exempt under this provision, Plaintiff's complaint gives no indication that Defendants were attempting to collect taxes. The only indication is the documents that Plaintiff has attached to his complaint regarding the notice of tax foreclosure and the foreclosure sale. The Court does not find Defendants' conclusory statement that they fall under this exemption proper to rely upon without sufficient documentation and argument showing that the tax foreclosure was used to satisfy a tax liability.

The Court finds that Plaintiff's complaint is devoid of any allegations that would subject Defendants to the FDCPA. Furthermore Plaintiff fails to offer any allegations that would support his theory that his property was somehow exempt from "dispossession or disablement." The Court consequently recommends granting Defendants' motion and dismissing this claim.

    **c.**   **Plaintiff fails to state a claim under RICO**

Plaintiff alleges that Defendants violated RICO. Although a private plaintiff can sue under RICO, Plaintiff has not supported his RICO claim with any allegations that make relief under RICO plausible. He makes one statement under his RICO count:

> That Defendants and its associates took deliberate and unlawful actions in depriving [] Plaintiff of control of [h]is collateral, by the taking of a defective non-judicial process and using a defective foreclosure sale to enforce false charges, and finally the issuance of an unlawful [s]heriff's [d]eed demonstrating a willful and deliberate attempt to deprive [] Plaintiff of his property, and commercially disable [P]laintiff from the ability to avert attack on [h]is collateral, wherefore, this constitutes an unlawful conversion of [] Plaintiff's property, resulting in damages in excess of the market value of the property, not including those of a constitutional nature.

(Compl. ¶ 7.)

"RICO provides a private cause of action for '[a]ny injured in his business or property by reason of a violation of section 1962 of this chapter." *Hemi Grp., LLC v. City of New York, N.Y.*, 130 S.Ct. 983, 987 (2010) (citing 18 U.S.C. § 1964(c)). "Section 1962, in turn, contains RICO's criminal provisions." *Id*. Section 1962 lists the activities for which a private citizen can sue under RICO. These activities include: using or investing income received from a racketeering activity or unlawful debt collecting, 15 U.S.C. § 1962(a), obtaining an interest in or control of an enterprise engaged in or affecting interstate or foreign commerce through a pattern of racketeering activity or unlawful debt collecting, 15 U.S.C. § 1962(b), conducting or participating in an enterprise's affairs through a pattern of racketeering activity or unlawful debt collecting, 15 U.S.C. § 1962(c), or conspiring to commit any of the three above offenses, 15 U.S.C. § 1962(d).

Plaintiff has not made any allegations that would support a claim under RICO's limited private cause of action. He alleges no racketeering activity. *See* 18 U.S.C. 1961(a) (defining "racketeering activity."). And even if his allegations could be construed as "unlawful debt collecting," Plaintiff does not allege any facts supporting any of the § 1962 requirements (e.g. using

or investing income from unlawful debt collecting, obtaining an interest in or control of an enterprise, participating in an enterprise, or conspiring to commit any of the preceding). Plaintiff's allegations in his complaint do not set forth a plausible claim for relief. The Court therefore recommends that this claim be dismissed for failure to state a claim.

### d. Plaintiff cannot sustain a cause of action under the criminal statutes he alleges Defendants violated

Plaintiff alleges that Defendants violated four additional criminal statutes: 18 U.S.C. § 241, (criminal conspiracy statute); 18 U.S.C. § 242 (criminal deprivation of rights under color of law); 18 U.S.C. § 872 (extortion); and 18 U.S.C. § 873 (blackmail). Regardless of whether Defendants violated these statutes, these criminal statutes do not provide Plaintiff with a private cause of action. *See Kafele v. Frank & Wooldridge Co.*, 180 F. App'x 307, 308-09 (6th Cir. 2004) (stating that a private citizen plaintiff "has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts;" and finding no private cause of action under 18 U.S.C §§ 241 and 242) (citation omitted)). *See Poydras v. One West Bank*, 09-11435, 2009 WL 1427396, at *1 (E.D. Mich. May 20, 2009) (Zatkoff, J.) (citing cases and denying requested damages relief under 18 U.S.C §§ 241 and 872 because the statutes were criminal statutes and provided no cause of action to a private citizen.) (citations omitted). *See also U.S. ex rel Verdone v. Circuit Ct. for Taylor Cnty.*, 851 F.Supp. 345, 352 (W.D.Wis. 1993) (holding that the plaintiff could not allege "violations of a host of criminal laws including racketeering, extortion, [and] blackmail . . . [because those] criminal statutes . . . do not provide for . . . ordinary causes of action."). Because Plaintiff is unable to enforce these statutes, the Court recommends that these four causes of action be dismissed.

### e. Plaintiff's 42 U.S.C. § 1983 count fails to state a claim

In his complaint, Plaintiff merely recites 42 U.S.C. § 1983's statutory language. He does not

support this claim with any factual allegations. *See e.g. Justice v. Countrywide Home Loans, Inc.*, 05-008, 2006 WL 141746, at *2 (E.D.Tenn. Jan. 18, 2006) (stating, "[t]he mere recitation of statutory language, absent supporting allegations, is not sufficient to state a claim." (citation omitted)). The Court therefore recommends that this claim be dismissed without prejudice for failure to state a claim.

### D. Conclusion

For the above-stated reasons, the Court recommends that Defendants' motion to dismiss be granted and Plaintiff's complaint be dismissed. The Court further recommends that Plaintiff's fraud, FDCPA, RICO, and 42 U.S.C. § 1983 claims be dismissed without prejudice and that Plaintiff's remaining criminal statute claims be dismissed with prejudice.

### III. Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must

recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated:  October 21, 2011			s/ Mona K. Majzoub
						MONA K. MAJZOUB
						UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Alim Bey and Counsel of Record on this date.


Dated:  October 21, 2011			s/ Lisa C. Bartlett
						Case Manager

14